Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| V.S., a minor, by and through his litigation guardian ad litem, BRUCE T. CLARK, ) ) ) | |
| Plaintiff, ) ) | NO. 2:18-cv-01335-RSM |
| v. ) ) | ORDER APPROVING MINOR SETTLEMENT |
| WOOT, INC., a Texas corporation, ) ) | |
| Defendant. ) ) | |

The Motion for Approval of Minor Settlement has come before the Court, and the Court having considered the Motion for Approval of Minor Settlement, the Settlement Guardian ad Litem's Report and Recommendation, the Declaration of Steven D. Robinson in Support of Motion for Approval of Minor Settlement and the exhibits thereto, and the Declaration of Bruce T. Clark Re: SGAL Fees, and the records and files herein, it is hereby ORDERED:

1. The proposed settlement set forth in the Motion for Approval of Minor Settlement is hereby APPROVED.

2. Settlement Guardian ad Litem Bruce T. Clark is hereby authorized to execute a release of minor child V.S.'s claims against Defendant Woot, Inc.

3. The minor child's counsel's costs advanced and attorney fees incurred herein are found to be reasonable and approved as follows: (a) costs advanced in the amount of $21,107.48; and (b) attorney fees in the amount of $125,000.

4. Settlement Guardian ad Litem Bruce T. Clark's fee in the amount of $2,800 is hereby found to be reasonable and appropriate. Defendant Woot, Inc. (or its insurer) is directed to make payment in that amount to Marler Clark, the Settlement Guardian ad Litem's law firm.

5. To resolve the right of recovery of the ERISA healthcare plan that made payments for Plaintiff V.S.'s healthcare, the minor child's counsel is authorized to distribute $100,000 of the settlement proceeds to Premera Blue Cross. The minor child's counsel shall, within sixty (60) days from entry of this Order, file in this matter a declaration confirming payment of the aforementioned ERISA lien.

6. To facilitate the minor settlement approved by this Order, Defendant Woot, Inc. (and/or its insurer) is authorized and directed to pay the settlement as follows:

    A.    Cash at time of settlement to equal $251,107.48 to be paid to the Karr Tuttle Campbell Client Trust Account. NOTE: This is the "up-front" money paid for fees, costs, etc. and does NOT include the money paid to fund the structured settlement.

The $251,107.48 to be paid to the Karr Tuttle Campbell Client Trust Account shall be distributed by Karr Tuttle Campbell as follows:

- $125,000 (25% of the gross settlement funds) shall be paid to Karr Tuttle Campbell as its fee for legal services in this matter.
- $21,107.48 shall be paid to Karr Tuttle Campbell for costs advanced in the prosecution of V.S.'s claim.
- $100,000 shall be paid to Premera Blue Cross to resolve the self-funded ERISA healthcare plan's right of reimbursement for health care payments.

- The remaining $5,000 shall be used to reimburse V.S.'s parents, Om Krishna and Renu Kushwaha, for the costs of a family trip to Southern California to visit Disneyland and/or Legoland.

B.  $251,392.42 shall be paid to fund a structured settlement. Future periodic payments on the dates and in the amounts as follows will be made to V.S. (Payee):

- $50,000.00 per year for 4 years certain only beginning on 11/4/2032.
- $243,222.00 guaranteed lump sum payable on 11/4/2039.

Such structured settlement has a present value cost of $251,392.52. The guaranteed yield is $443,222.00.

The future payment amounts outlined above are guaranteed based upon a projected annuity purchase date of July 22, 2019. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the settlement agreement and release, qualified assignment document, and annuity contract without the need of obtaining an amended Motion to Approve Minor's Settlement/Order Approving Minor Settlement up to 180 days after original purchase date.

Any payments to be made after the death of the Payee shall be made to the Estate of the Payee. After the age of majority, the Payee may submit a change of beneficiary, in writing, to Assignee. No such designation, or any revocation thereof, shall be effective unless it is in writing and delivered to Assignee. The designation must be in a form acceptable to Assignee. The designation for which approval by the Court is sought at this time is The Estate of V.S.

The obligation to make periodic payments described above will be assigned to MetLife Assignment Company, Inc. ("Assignee") and funded by an annuity contract issued by

Metropolitan Tower Life Insurance Company ("Annuity Issuer"), rated A+ (Superior) by A.M. Best Company.

All parties shall cooperate fully and execute any and all supplementary documents, including a Settlement Agreement & Release and a Qualified Assignment in compliance with Section 130 of the Internal Revenue Code of 1986, as amended.

7. No funds shall be held in any blocked account or trust on behalf of the minor child, other than the $5,000 described below in paragraph 8 to be held until proof of vacation costs are submitted to V.S.'s counsel.

8. The minor child's counsel is authorized and directed to utilize $5,000 of the minor settlement to reimburse V.S.'s parents for costs of a family vacation to Southern California to visit Disneyland and/or Legoland, upon submission to counsel copies of bills, invoices, or charges related to such trip. Within six months from the entry of this Order, counsel for the minor shall submit a declaration to the court giving an accounting of the expenses for the trip.

9. Summary of Settlement and Payments:

    A. Gross Settlement: $502,500.

    B. Payments:

        (1) Karr Tuttle Campbell 25% contingent fee: $125,000.

        (2) Karr Tuttle Campbell costs advanced: $21,107.48.

        (3) Premera Blue Cross (ERISA compromise): $100,000.

        (4) Family trip to Southern California: $5,000.

        (5) Acquisition of a structured settlement annuity: $251,392.52.

10. The minor child's counsel shall within sixty (60) days from the entry of this Order, file in this matter a declaration or other proof confirming acquisition of the annuity for the minor child as approved by the Court; and

11. Settlement Guardian ad litem Bruce T. Clark shall be discharged upon filing of proof of payment to resolve the ERISA plan compromise (paragraph 5 above), proof of the acquisition of the annuity for the minor child (paragraph 7 above), and proof of the accounting for the family trip to Southern California (paragraph 9 above).

SIGNED this 2 day of July, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE